## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.     1: 11 CV 1148 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ELBERT BUILDING CO., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

      This matter comes before the Court upon Plaintiff, The United States of America's Motion for Summary Judgment (ECF #11).  Defendant has not filed any opposition to the Government's motion.  The Court has reviewed the entire record before it and, applying the appropriate standard of review, finds that the Government's motion should be GRANTED.

      Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover.  The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't of Transp.,* 53 F.3d 146, 149 (6th Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.  *Id.*

In this case, the Plaintiff has provided evidence sufficient to establish and prove the claims it has alleged.  Defendant has failed to provide any response, let alone any evidence that would create a genuine issue of material fact for trial.  The evidence provided shows that the parties had entered into an Informal Settlement Agreement to resolve various citations issued to the Defendant by the United States Department of Labor, Occupational Safety and Health Administration.  The Defendant did not timely pay the compromised penalty amount, and consequently is liable for the original proposed penalty of $43,000.00, plus administrative fees, interest, and penalties incurred thereafter.   The total amount now owed is $59,085.63.  Therefore, pursuant to Fed. R. Civ. P. 56(e), the Court grants summary judgment in favor of the

Plaintiff, the United States of America, and against Defendant, Elbert Building Co., and Orders Defendant to pay Plaintiff the amount of $59,085.63.  IT IS SO ORDERED.


                                                   /s/ Donald C. Nugent
                                                      DONALD C. NUGENT
                                                     United States District Judge

DATED:  January 3, 2012